IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00077-MR

MICHAEL ORLANDO LINEBERGER,    )
                                )
        Plaintiff,              )
                                )
vs.                             )
                                )
DEKERK PRICE, et al.,           )        **ORDER**
                                )
        Defendants.             )
_____ )

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending is the Plaintiff's Motion for Leave to Change Date of Incident [Doc. 6]. The Plaintiff is proceeding *in forma pauperis*. [See Doc. 11].

**I.    BACKGROUND**

The *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Mountain View Correctional Institution, where he is presently incarcerated. The Plaintiff names as Defendants: Kala Phillips, a Mountain View C.I. unit manager; and Dekerk Price, a Mountain View C.I. assistant unit manager.

In his Complaint, Plaintiff alleges that he slipped and fell in a handicap shower on December 5, 2020. [Doc. 1 at 7, 14]. He alleges that slippery

soap residue caused him to lose his balance as he tried to stand from the shower seat despite holding onto a hand rail. [Id. at 14]. The Plaintiff hit his lower back on the shower seat, and then became pinned between the seat and the floor. [Id.]. Officer Silvers[1] responded and helped release the Plaintiff's neck and shoulder. [Id.].

The Plaintiff alleges that a similar incident happened to another inmate about a month before his accident. [Id.]. He claims that the Defendants knew about the situation "by his/her authority" and negligently failed to correct the issue by providing the same non-slip shower mats that the prison has in the segregation unit. [Id. at 13].

The Plaintiff alleges that he sustained injuries to his neck, shoulder, and lower back as a result of this incident. [Id. at 5]. He alleges that he received no medical attention except for one trip to the hospital even though he asked Jeffrey Patane P.A.[2] whether he would be going to see outside doctors. [Id.].

The Plaintiff seeks compensatory and punitive damages. [Id.].

---

[1] Officer Silvers is not named as a Defendant.

[2] Mr. Patane is not named as a Defendant. Therefore, to the extent that the Plaintiff attempts to assert a claim of deliberate indifference to a serious medical need against Mr. Patane, such a claim is a nullity. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

2

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

3

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" and protects prisoner from the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  To establish a violation of the Eighth Amendment, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

The Plaintiff's allegations against Defendants Price and Phillips are based on negligence.  Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim.  See Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard – a showing of mere negligence will not meet it.").

In his pending Motion for Leave to Change Date of Incident, the Plaintiff alleges that the incident occurred on December 4, 2020.  [Doc. 6].  Because the Complaint has not passed initial review and the Plaintiff is being granted leave to amend, the Motion is denied as moot.

4

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Should the Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to the Plaintiff. The Plaintiff's Motion for Leave to Change Date of Incident is denied as moot.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to Change Date of Incident [Doc. 6] is **DENIED AS MOOT**.

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner § 1983 complaint form.

**IT IS SO ORDERED**.

Signed: April 26, 2021

Martin Reidinger
Chief United States District Judge

5

Case 1:21-cv-00077-MR   Document 12   Filed 04/26/21   Page 5 of 5