IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00077-MR

| | |
|---|---|
| MICHAEL ORLANDO LINEBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DEKERK PRICE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 13]. The Plaintiff is proceeding *in forma pauperis*. [See Doc. 11].

**I.     BACKGROUND**

The *pro se* Plaintiff, Michael Lineberger, filed this action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Mountain View Correctional Institution ("MVCI"), where he is presently incarcerated. The Plaintiff characterizes this as a "class action" and purports to bring the Amended Complaint on behalf of himself and inmate Ralph Cunningham. [Doc. 13 at 14]. The Plaintiff names as Defendants the following MVCI employees: Jeffrey Patane, a physician's assistant ("P.A. Patane"); M. Silvers, a correctional officer ("Officer Silvers"); Dekerk Price,

an assistant unit manager ("Assistant Unit Manager Price"); and Kella Phillips, a unit manager ("Unit Manager Phillips").

The Complaint was dismissed on initial review, and the Plaintiff was given the opportunity to amend. [Doc. 12]. The Amended Complaint is now before the Court on initial review.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

2

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Parties

The Plaintiff purports to assert this action as a class action on behalf of other inmates. As a *pro se* inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, the Plaintiff's claims asserted on behalf of others are dismissed.

The Plaintiff also purports to name another inmate, Ralph Cunningham, as a plaintiff in this action. Inmate Cunningham, however, is not a proper plaintiff in this action; he has not signed the Amended

Complaint, paid the filing fee, or applied to proceed in forma pauperis. Accordingly, the Court will instruct the Clerk to terminate Ralph Cunningham as a party.

## B. Section 1983 Claims

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### 1. Conditions of Confinement

The Eighth Amendment requires prison officials to provide humane conditions of confinement and "take reasonable measures to guarantee the safety of the inmates…." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1983)). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v.

4

McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson, 501 U.S. at 298 (internal quotation omitted)).  Further, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

In the Amended Complaint, the Plaintiff alleges that, on December 4, 2020, he suffered injuries when he slipped and fell in a handicap shower due to slippery soap residue in the stall.  [Doc. 13 at 5].

The Plaintiff appears to allege that Defendants Price and Phillips are liable as supervisors because they knew the shower floors were dangerously slippery, yet they failed to take any corrective action, such as installing floor mats or anti-slip strips on the floor.  [See Doc. 13 at 12].  As evidence of these Defendants' prior knowledge, the Plaintiff alleges that another inmate had fallen in a shower only a few weeks before and had received 17 stitches to the back of his head.  [Id.].

The Plaintiff's allegations are insufficient to state a deliberate indifference claim against Price and Phillips.  While the Plaintiff alleges that these Defendants knew of another prisoner's previous fall, an isolated incident is generally insufficient to establish deliberate indifference by a supervisor.  See Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)

5

("Ordinarily, [a plaintiff] cannot satisfy his burden of proof by pointing to a single incident or isolated incidents…."). Further, the Plaintiff fails to allege any facts showing that these Defendants deliberately ignored a known risk of harm. At most, he has alleged negligence, which is insufficient to state a § 1983 claim. See Farmer, 511 U.S. at 835 ("deliberate indifference entails something more than mere negligence…."). The Plaintiff has thus failed to state a plausible § 1983 claim against Price and Phillips, and those claims are therefore dismissed.

The Plaintiff appears to assert a deliberate indifference claim against Officer Silvers by suggesting that he was somehow negligent in assisting the Plaintiff after he fell. [Doc. 13 at 14]. As previously stated, however, allegations of negligence are insufficient to state a § 1983 claim. Accordingly, the Plaintiff's claim against Officer Silvers is dismissed.

### 2. Deliberate Indifference To a Serious Medical Need

Claims based on the alleged lack of or inappropriate medical treatment under § 1983 fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau

of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)).  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Iko, 535 F.3d at 241 (internal quotation marks omitted).  To constitute deliberate indifference to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness."  Miltier, 896 F.2d at 851.  "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention."  Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

The Plaintiff appears to assert a claim of deliberate indifference to a serious medical need against P.A. Patane.  Specifically, the Plaintiff alleges that two days after his accident (and after he had received treatment in an outside hospital), he was seen by P.A. Patane.  [Doc. 13 at 12].  The Plaintiff alleges that although P.A. Patane knew of his injuries and that he was in pain, P.A. Patane never provided the Plaintiff any further medical treatment.  [Id.].  He further alleges that P.A. Patane told the Plaintiff that he would be

7

going to an outside appointment, but that such appointment never occurred. [Id.]. The Plaintiff alleges that he began filing grievances and sick calls on December 20, 2020, but that these requests went unanswered until February 23, 2021. [Id.]. The Plaintiff believes that adequate medical care was intentionally denied or delayed. [Id.].

The Plaintiff's claim against P.A. Patane fails in several respects. First, the Plaintiff has failed to plausibly allege that he had a serious medical need at the time that P.A. Patane saw him. The Plaintiff's fall had occurred two or three days earlier, and the Plaintiff had received unspecified treatment at an outside hospital. Assuming *arguendo* that the Plaintiff had a serious medical need immediately after the fall, he has failed to plausibly allege that such a need still existed at the time he saw P.A. Patane. Second, the Plaintiff has failed to explain how P.A. Patane was deliberately indifferent. The Plaintiff alleges that P.A. Patane told him he would be receiving an appointment that never occurred, but the Plaintiff does not allege that P.A. Patane caused, or was even aware of, any delay or denial of treatment. For all these reasons, the Plaintiff has failed to state a plausible claim that P.A. Patane was deliberately indifferent to a serious medical need. Therefore, the Plaintiff's claim against P.A. Patane is dismissed.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any of the named Defendants. Therefore, the Amended Complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to terminate Ralph Cunningham as a Plaintiff and to close this case.

**IT IS SO ORDERED**.

Signed: August 2, 2021

*[signature]*

Martin Reidinger
Chief United States District Judge